# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TROY HALL,

    Petitioner,

vs.                                                                                   No. Civ. 04-1232 MV/RHS

ROBERT ULIBARRI, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss ("Motion") **[Doc. 10]**, filed December 3, 2004 and Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") **[Doc. 1]**, filed October 28, 2004.  Petitioner Troy Hall is currently incarcerated and is proceeding *pro se*.  On February 10, 2004, following a plea of guilty to Larceny (Over $250) and an admission of two prior felony convictions, Petitioner was sentenced to a total of five years and six months, to be followed by one year of parole.  (See Judgment and Order Partially Suspending Sentence, Ex. A, attached to Answer **[Doc. 12]**.)[1]  Of this total, Petitioner was ordered to serve four years in prison, followed by one year of parole, with the remaining eighteen months of his sentence suspended.  (See id.)  Further, "[u]pon completion of this term of imprisonment and release from custody . . . [Petitioner] shall be placed on supervised probation" for eighteen months, to run concurrently with his parole.  (Id. at 2.)

    2.  On May 12, 2004, Mr. Hall filed a Petition for Writ of Habeas Corpus in state district

---

[1] All exhibits referenced in this document are attached to the Answer filed December 3, 2004 **[Doc. 12]**.

court (see ex. C) which was denied by Judge Stephen Bridgforth on July 6, 2004 (see ex. D). On August 18, 2004, the Supreme Court of New Mexico denied Mr. Hall's Petition for a Writ of Certiorari. (See Exs. E, F.)

    3. In his Petition filed in this Court, Mr. Hall alleges ineffective assistance of counsel as a ground for relief. Petitioner contends that he received ineffective assistance from his counsel, Mr. David Proper, for the following reasons:

(1) Counsel failed to appear at a prior trial setting,

(2) Counsel did not conduct an adequate investigation into the value of the stolen property; and

(3) Counsel failed to file a motion for change of venue.

*Ineffective Assistance of Counsel*

    4. Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted). A guilty plea may be rendered involuntary by the constitutionally inadequate performance of defense counsel. Romero, 46 F.3d at 1033. Here, Petitioner alleges that he "plead [sic] guilty to a much worse charge than was actually committed . . . . [because he] was coerced into pleading guilty by his ineffective and unresponsive counsel." (Petition at 6a.)

    5. In order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998) (citing Hill v. Lockhart, 474 U.S. 52 (1985) and Strickland v. Washington, 466 U.S. 668 (1984)). First, he must show that "counsel's representation fell below an objective standard of

2

reasonableness." Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 688). To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

6. Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him, that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner's mere assertions that he would have opted for trial are not enough to satisfy the prejudice prong. Miller, 161 F.3d at 1072 (citing United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993)).

7. Petitioner appeared before Judge Bridgforth and entered a plea of guilty to the charge of Larceny (Over $250), a fourth degree felony, as set forth in the guilty plea proceeding form. (See Tape 1-5, Plea Hearing ("T.1-5") at 63-70.[2]) Petitioner further certified that Judge Bridgforth advised him of the matters noted in the Guilty Plea Proceeding form, that he understood "the constitutional rights [he] was giving up by pleading" and expressed a "desire to plead guilty to the charges as stated." (Guilty Plea Proceeding at 3, Ex. B.)[3]

8. A defendant's statements on the record "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977) (quoted in Romero, 46 F.3d at 1033 (10th Cir.

---

[2]Tape citations are to a Panasonic XBS portable stereo CD system Model RX-DS35.

[3]Defense counsel indicated that he conferred with Mr. Hall regarding the execution of this certificate and "explained to . . . [Mr. Hall] its contents in detail." (Guilty Plea Proceeding at 3.)

1995)); United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

*Counsel's Failure to Appear at a Prior Trial Setting*

9.  Petitioner alleges that his counsel failed to appear at a previous trial date set in this case.[4] Petitioner's allegations, if true and taken at face value, describe questionable conduct on the part of counsel.  Petitioner apparently alleges that due to counsel's failure to appear, he was coerced into pleading guilty at a later date.  However, I need not decide whether counsel's conduct was objectively unreasonable, because Petitioner's mere assertion that he would have opted for trial will not suffice to show that he was prejudiced by such conduct.

10.  Moreover, the Court finds no merit to the argument that counsel's alleged lack of preparation forced Petitioner to plead guilty.  The record shows that Petitioner freely and voluntarily pled guilty before the state district court.  (See T.1-5 at 52-59 (denying that anyone threatened or pressured him in any way to enter into a plea)); see also Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002) (explaining that the "colloquy between a judge and defendant before accepting a guilty plea . . . . is an important safeguard that protects defendants from incompetent counsel").  Petitioner offers no satisfactory explanation for failing to raise his concerns during his plea hearing or prior to sentencing.  See United States v. Jones, 168 F.3d 1217, 1220 (10th Cir.

---

[4]Petitioner also alleges that his telephone calls to counsel "were never returned" and that counsel "failed to touch base with" him for over ten months.  (Motion in Opposition to Respondents['] Motion to Dismiss ("Response") at 2 **[Doc. 13]**.

1999) (finding that where counsel was not ready for trial and defendant was coerced into pleading guilty, the defendant "should have so stated to the district court").  Accordingly, relief based on this ground should be denied.

*Counsel's Failure to Investigate*

11.  Petitioner alleges that his counsel failed to investigate the value of the property taken in the larceny.  Petitioner claims, *inter alia*, that had his counsel conducted such an investigation, he "would have went to trial."  (Response at 4.)  The Court finds that Petitioner fails to meet his burden to show ineffective assistance of counsel with respect to this issue.

12.  In light of the evidence against Petitioner and the information to be gained from additional investigation, counsel's failure to investigate was not objectively unreasonable.  The record indicates that the State had a strong case against Petitioner, based primarily on videotape evidence and Mr. Hall's admission that he took the purse.  See Romero, 46 F.3d at 1029 (quoting Strickland, 466 U.S. at 690) (explaining that "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.").

13.  However, even assuming a deficiency in counsel's conduct, Petitioner's claim of ineffective assistance of counsel fails.  Petitioner has not demonstrated that any additional investigation would have led counsel to change his recommendation as to Petitioner's plea.  See Hill, 474 U.S. at 370 (explaining that "where the alleged error of counsel is a failure to investigate . . . the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea").  Petitioner has not shown a reasonable probability that, but for his counsel's

failure to investigate, he would have gone to trial instead of entering a plea of guilty. Accordingly, relief based on this ground should be denied.

*Counsel's Failure to File a Motion for Change of Venue*

14. Petitioner alleges that his attorney was ineffective for failing to file a motion for change of venue. Petitioner contends that the victim in the underlying criminal case was "a Special County Commissioner working around and with my presiding judge and District Attorney." (Petition at 6a.)[5] However, even assuming that counsel unreasonably failed to file a motion for change of venue, Petitioner has not shown that he was prejudiced by counsel's error.

15. Petitioner's assertion that he would have opted for trial had his counsel filed a motion for change of venue (and assuming that the motion was granted) is conclusary. Moreover, given the evidence against him, it is highly questionable whether Petitioner would have rejected a plea and gone to trial. Petitioner's allegation is speculative and falls short of demonstrating that but for counsel's failure to pursue the motion, he would have rejected the plea and insisted on proceeding to trial. Accordingly, relief based on this ground should be denied.

## Conclusion and Recommended Disposition

The Court finds that Petitioner has not shown that ineffective assistance of counsel played a part in his acceptance of the plea. Consequently, Petitioner cannot now recant the voluntariness and intelligence of his plea. See Worthen v. Meachum, 842 F.2d 1179, 1184 (10th Cir. 1988) overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991). Nor does the Court find that the state court proceedings on Petitioner's claims "(1) resulted in a decision that was

---

[5]Despite this allegation, Petitioner does not point to any bias on the part of Judge Bridgforth, the District Attorney or the state district court that implicates the fundamental fairness or reliability of the proceedings that led to the plea agreement.

contrary to, or involved an unreasonable application of, clearly established Federal law; . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

The Court recommends that Respondents' Motion to Dismiss be GRANTED and Petitioner's application for writ of habeas corpus be DENIED and that this civil proceeding be DISMISSED with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE